# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1013V
Filed: April 8, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CATHERINE SMITH, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Trivalent Influenza or Flu Vaccine; |
| | * | Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | * | Administration; SIRVA; Special |
| AND HUMAN SERVICES, | * | Processing Unit |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Michael G. McLaren, Esq.*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN
    for petitioner.
*Julia W. McInerny, Esq.*, U.S. Department of Justice, Washington, DC for respondent.

### DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On October 20, 2014, Catherine Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ["SIRVA"] caused by the trivalent influenza vaccination she received on October 5, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 16, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for her shoulder injury related to vaccine administration ["SIRVA"]. On April 8, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $76,000.00 "which represents all elements of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)." Proffer at 1.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $76,000.00 in the form of a check payable to petitioner, Catherine Smith.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

                              **s/Denise K. Vowell**
                              Denise K. Vowell
                              Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CATHERINE SMITH, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br> ) <br> Respondent. ) | No. 14-1013V <br> Chief Special Master Vowell <br> ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.     Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $76,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.    Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $76,000.00 in the form of a check payable to petitioner. Petitioner agrees.

                                                                Respectfully submitted,

                                                                BENJAMIN C. MIZER
                                                                Acting Assistant Attorney General

                                                                RUPA BHATTACHARYYA
                                                                Director
                                                                Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

/s/ Julia W. McInerny
JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
DATED:  April 8, 2015                        (202) 353-3919

2